IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KENNETH L. WEST,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            ) Civ. No. 14-330-SLR
                                    )
DAVID PIERCE, et al.,               )
                                    )
            Defendants.             )

### MEMORANDUM

1. **Introduction**. Plaintiff Kenneth L. West ("plaintiff"), an inmate at the James

T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has

been granted in forma pauperis status. He filed this complaint pursuant to 42 U.S.C.

§ 1983 claiming violations of his constitutional rights.[1]  (D.I. 5, 7)

2. **Standard of Review**. This court must dismiss, at the earliest practicable

time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to

state a claim, or seek monetary relief from a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e

(prisoner actions brought with respect to prison conditions).  The court must accept all

factual allegations in a complaint as true and take them in the light most favorable to a

pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008);

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** In May 2011, plaintiff was placed on Risperdal.[2] He received the medication twice a day for more than a year. Plaintiff began experiencing side effects such as numbness in the hands, arms, shoulders and chest, severe chest pain, and lumps on his chest. In June or July of 2012, plaintiff spoke to defendant Lezley Sexton ("Sexton"), the mental health supervisor at VCC, about his complaints and she scheduled an appointment with a physician. Plaintiff was seen by defendant Dr. Rhonda Montgomery ("Dr. Montgomery") on July 29, 2012. Dr. Montgomery discontinued the Risperdal and told plaintiff there was nothing she could do for the side

---

[2]Used to treat the symptoms of schizophrenia, episodes of mania or mixed episodes in bipolar disorder, and behavior problems. *See* http://www.nlm.nih.gov /medlineplus/druginfo/meds.

3

effects. On an unknown date after seeing Dr. Montgomery, plaintiff was called to medical to provide blood samples and to undergo chest exams, but was never given the test results. Ultimately, plaintiff was taken to an outside physician on several occasions for examination. Plaintiff was told there was no known reason for the lumps on his chest and that they would eventually go away.

7. Plaintiff made several complaints between July 29, 2012 and June 2013 complaining of numbness, chest pains, and the lumps, and he submitted a grievance on June 16, 2013. On June 20, 2013, Sexton was assigned to investigate the matter to determine if Risperdal caused the side effects of which plaintiff complained and if medical treatment was necessary.

8. A grievance hearing was held on August 21, 2013 with defendant nurses Paula Cosey ("Cosey"), Arkava Smith ("Smith"), and Kathleen Mateyah ("Mateyah") present. Sexton was not at the hearing. At that time, plaintiff was told that nothing could be done and to fill out a sick call slip. Plaintiff submitted a sick call slip on August 25, 2013, and was seen by medical on August 27, 2013. He was told that nothing could be done about the lumps and that they would eventually "leave on their own." Plaintiff has conducted his own research and he believes that the Risperdal caused the lumps that appear on each side of his chest.

9. Plaintiff named David Pierce ("Pierce") and Vinnie Fabber ("Fabber") as defendants because medical and mental health issues were forwarded to them for review and possible resolution. During the relevant time-frame, Pierce was the deputy warden at VCC and Fabber was the director of mental health for the Delaware Department of Correction. Plaintiff seeks injunctive relief for defendants to

4

appropriately address his medical concerns, as well as compensatory and punitive damages.

10. **Respondeat Superior**. Pierce and Fabber are named as defendants based upon their supervisory positions. The Third Circuit has reiterated that a § 1983 claim cannot be premised upon a theory of respondeat superior and that, in order to establish liability for deprivation of a constitutional right, a party must show personal involvement by each defendant. *Brito v. United States Dep't of Justice*, 392 F. App'x 11, 14 (3d Cir. 2010) (unpublished) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)).

11. Personal involvement is an essential element of a civil rights action. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003). Individual liability can only be imposed if the state actor played an "affirmative part" in the conduct complained of. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence" in the challenged practice. *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). "In a § 1983 suit . . . masters do not answer for the torts of their servants." *Iqbal*, 556 U.S. at 676-77. The mere assertion "that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did" is insufficient to establish liability. *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d cir. 1989).

12. Here, plaintiff does not allege that Pierce and Fabber were personally involved in any constitutional violation. Instead, he alleges that medical grievances that are not resolved are forwarded to Pierce and Fabber for their review and/or resolution.

5

However, participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). *See also Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.1997) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

13. In addition, prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236. For the above reasons, the court finds that the claims against Pierce and Fabber are frivolous, and therefore, will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

14. **Investigation**. While not clear, plaintiff appears to allege that Sexton did not properly investigate his grievance. It seems that plaintiff named Cosey, Smith, and Mateyah as defendants because they appeared at the grievance hearing, and the grievance was denied. Because a prisoner has no free-standing constitutional right to

6

an effective grievance process, plaintiff cannot maintain a constitutional claim against

Sexton based upon his perception that she failed to properly investigate his grievance,

or that his grievance was denied. *See Woods v. First Corr. Med., Inc.*, 446 F. App'x

400, 403 (3d Cir. 2011) (unpublished). The claims fail as a matter of law and, therefore,

they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) as

frivolous.

15. **Medical Needs**. With regard to medical needs, the complaint alleges that

Sexton made an appointment for plaintiff to see Dr. Montgomery and that Dr.

Montgomery took plaintiff off Risperdal and told him there was nothing she could do

about the side effects. The complaint also alleges that plaintiff was seen by medical on

numerous occasions and that plaintiff was seen by an outside physician.

16. The Eighth Amendment proscription against cruel and unusual punishment

requires that prison officials provide inmates with adequate medical care. *Estelle v.*

*Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable

claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by

prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429

U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is

deliberately indifferent if he knows that a prisoner faces a substantial risk of serious

harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511

U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by

"intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S.

at 104-05.

7

17.  "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable.  *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (unpubished) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)).  An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf.  *Estelle v. Gamble*, 429 U.S. at 107.  Finally, allegations of medical malpractice are not sufficient to establish a Constitutional violation.  *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).

18.  The complaint fails to state actionable constitutional claims for deliberate indifference to a serious medical needs.  As discussed above, plaintiff has received continuing medical care for his complaints of an adverse reaction to Risperdal.  At most, plaintiff alleges negligence, but that does not rise to the level of a constitutional violation.  Accordingly, the court will dismiss the medical needs claims as  frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

19.  **Conclusion**.  For the above reasons, the complaint  will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).  The court finds amendment futile.  A separate order shall issue.

_____
UNITED STATES DISTRICT JUDGE

Date: June  26 , 2014

8